**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mario Alberto RIVAS–MENDOZA,
Defendant–Appellant.**

**No. 02–41699.
Conference Calendar**

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 2003.

Paula Camille Offenhauser, Assistant US Attorney, James Lee Turner, Assistant US Attorney, US Attorney's Office, Houston, TX, for Plaintiff-Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Roland E. Dahlin, II, Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant-Appellant.

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM.*

Mario Alberto Rivas–Mendoza ("Rivas") appeals following his guilty-plea conviction for being found in the United States after deportation subsequent to an aggravated-felony conviction, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). Rivas's guilty-plea was taken by the magistrate judge and approved by the district court after Rivas gave his written consent. Rivas argues that his conviction and sentence are void because a Rule 11 colloquy may never be delegated to a non-Article III magistrate judge. He also argues for the first time on appeal that the magistrate judge lacked jurisdiction to take his plea because of the absence of a referral order from the district court. He concedes that these arguments are foreclosed by circuit precedent but wishes to preserve the issues for Supreme Court review. Rivas correctly observes that his arguments are foreclosed. *See United States v. Bolivar–Munoz,* 313 F.3d 253, 256–57 (5th Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 1642, 155 L.Ed.2d 499 (2003); *United States v. Dees,* 125 F.3d 261, 266 (5th Cir.1997).

Rivas also argues that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He concedes that this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he seeks to preserve the issue for Supreme Court review. *Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90; *United*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). This court must follow the precedent set in *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit*, 231 F.3d at 984 (internal quotation and citation omitted).

AFFIRMED.